UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| CARLOS GABRIEL PEREZ VALENCIA, ) | CASE NO. 4:09 CV 2137 |
| Petitioner, ) | JUDGE JOHN R. ADAMS |
| v. ) | MEMORANDUM OF OPINION AND ORDER |
| R. RUSHING, ) | |
| Respondent. ) | |

  *Pro se* petitioner Carlos Gabriel Perez Valencia filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Valencia, who is incarcerated at the Northeast Ohio Correctional Center (N.E.O.C.C.), asks this court to compel N.E.O.C.C. Warden R. Rushing to correct his institutional record to reflect his legal name.

**I. Background**

  Petitioner is serving a 60-month sentence imposed by the United States District Court for the Northern District of Illinois. *United States v. Valencia*, No. 1:06CR948 (N.D. Il. 2006). After he was incarcerated, Valencia claims the N.E.O.C.C. registered him as Carlos Perez Valencia. He attaches several "legal documents" (e.g., his birth certificate and passport) to support his assertion that his legal name is Carlos Gabriel Perez Valencia. Valencia asks this court to compel the Bureau of Prisons to correct its records to reflect his full legal name.

**II. Legal Standard**

  Once an application for a writ of habeas corpus is filed, a judge "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted,

unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The Court finds that Valencia is not entitled to habeas relief in this matter.

### III. Analysis

Habeas corpus is the remedy in a suit wherein a party is "seeking release not from prison but just from a more to a less confining form of incarceration" as well as one "seeking not just release but also expungement of the disciplinary sanction from his record." *Del Raine v. Carlson*, 826 F.2d 698, 702 (7th Cir.1987); *see also Boudin v. Thomas*, 732 F.2d 1107, 1111-12 (2d Cir. 1984) (holding that an action seeking transfer from a more to a less restrictive prison environment is properly cognizable under habeas corpus and not through a *Bivens* action). This matter does not address the length or execution of Valencia's prison term. While he alludes to potential conflicts upon his release from prison, he fails to state a justiciable claim under § 2241. As such, his petition is properly dismissed.

Moreover, any action sought against an agency should first be exhausted through the administrative process because resolving to solve it court. *See Weinberger v. Salfi*, 422 U.S. 749 (1975). The purpose of the exhaustion doctrine is to allow the administrative agency in question to exercise its expertise over the subject matter and to permit the agency an opportunity to correct any mistakes that may have occurred during the proceeding, thus avoiding unnecessary or premature judicial intervention into the administrative process. *Id.* at 765. There is nothing to indicate that Valencia has made any attempt to exhaust his administrative remedies. This provides a second ground for dismissal of this action.

### IV. Conclusion

Based on the foregoing, Valencia's Motion to Proceed *in forma pauperis* is granted and this

petition is dismissed pursuant 28 U.S.C. § 2243. The court certifies that an appeal from this decision could not be taken in good faith.

      IT IS SO ORDERED.


Date: <u>February 3, 2010</u>              <u>/s/ John R. Adams</u>
                                                  JOHN R. ADAMS
                                                UNITED STATES DISTRICT JUDGE